[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14041
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-20128-RNS

FRANK GONZALEZ,

                                                    Plaintiff-Appellant,

versus

CITY OF HIALEAH,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2018)

Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Frank Gonzalez, proceeding pro se,[*] appeals the district court's dismissal with prejudice of his fourth amended complaint, filed pursuant to 42 U.S.C. § 1983 and Florida law. Plaintiff also appeals the district court's denial of his motions to remand his state law claims. No reversible error has been shown; we affirm.

Briefly stated, Plaintiff alleges these facts. Plaintiff was employed as a police officer with the City of Hialeah ("City") from 2000 until April 2007, when Plaintiff resigned his position. In May 2008, the City reemployed Plaintiff subject to a probationary period. Shortly thereafter, Plaintiff applied to take the October 2008 exam to be promoted to sergeant. The City denied Plaintiff's application, determining that Plaintiff was ineligible to take the exam.

In August 2008, the City initiated an investigation into Plaintiff's alleged failure to report a traffic accident involving his police car. In November 2008, the City notified Plaintiff that a determination had been made that he failed to comply with departmental policy and that, as a probationary employee, he had no right to a pre-disciplinary hearing. The City terminated Plaintiff's employment in January 2009.

---

[*] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In December 2016, Plaintiff filed this civil action in Florida state court; the City then removed the case to federal district court. In his Fourth Amended Complaint -- the operative complaint on appeal -- Plaintiff purports to assert these claims: (1) the City violated his procedural due process rights, in violation of 42 U.S.C. § 1983, when it terminated his employment without a pre-termination or post-termination hearing; (2) the City violated his procedural due process rights, in violation of section 1983, by denying his application to take the sergeant's exam without a pre-denial hearing; (3) for rescission and cancellation of a settlement agreement between Plaintiff and the City; (4) challenging a City rule as violating the Florida Constitution; and (5) challenging the City's hiring process for police commander and police major as violating the Florida Constitution.

The district court dismissed with prejudice Plaintiff's two section 1983 claims for failure to state a claim. The district court then declined to exercise supplemental jurisdiction over the remaining state law claims, and remanded the claims to state court.

## I.

Plaintiff first contends that the district court lacked subject matter jurisdiction over his state law claims and, thus, erred in denying his two motions to

3

remand to state court.  We review de novo the denial of a motion to remand.

Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).  We

review for abuse of discretion the district court's decision about whether to

exercise its supplemental jurisdiction.  Parker v. Scrap Metal Processors, Inc., 468

F.3d 733, 738 (11th Cir. 2006).

The district court committed no error in denying Plaintiff's motions to

remand.  A district court may exercise supplemental jurisdiction over "state claims

which arise out of a common nucleus of operative fact with a substantial federal

claim."  Id. at 742-43.  The state law claims raised in Plaintiff's Third Amended

Complaint (the operative complaint when the district court ruled on Plaintiff's

motions) concerned (1) the validity of the settlement agreement between Plaintiff

and the City arising from the termination of Plaintiff's employment and the denial

of Plaintiff's application to take the sergeant's exam; and (2) the validity of a City

rule permitting the City to place Plaintiff on a probationary period and establishing

termination procedures.  Because Plaintiff's state-law claims arose from the "same

nucleus of operative fact" as his federal claims, the district court had discretion to

exercise supplemental jurisdiction over those claims and committed no error in

determining that remand was unwarranted.

That the district court later decided to relinquish its exercise of supplemental

jurisdiction over Plaintiff's state-law claims -- after dismissing with prejudice

4

Plaintiff's federal claims -- does not render erroneous its earlier decisions to deny Plaintiff's motions to remand.  See Parker, 468 F.3d at 743 (a district court has discretion to decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction").

We also reject Plaintiff's argument that the City's notice of removal was procedurally defective.  The notice contained a "short and plain statement of the grounds for removal" and, thus, satisfied the requirements of 28 U.S.C. § 1446(a).

## II.

Plaintiff next challenges the dismissal of his procedural due process claims. We review de novo a district court's dismissal of a complaint for failure to state a claim; we accept as true all factual allegations and construe them in the light most favorable to the plaintiff.  Brooks v. Warden, 800 F.3d 1295, 1300 (11th Cir. 2015).

To state a claim for violation of procedural due process, a plaintiff must first show that he had a property interest.  Ross v. Clayton Cnty., Ga., 173 F.3d 1305, 1307 (11th Cir. 1999).  Generally speaking, "a public employee has a property interest in continued employment if state law or local ordinance in any way limits the power of the appointing body to dismiss an employee."  Id. (quotation

5

omitted).  Probationary employees typically "lack property interests in their employment because they are 'at will' employees without a legitimate claim of entitlement to continued employment."  Id. at 1308.

Here, we consider three documents pertinent to Plaintiff's employment: (1) the City police department's collective bargaining agreement ("CBA"); (2) the City's Civil Service Rules and Regulations ("CSRR"); and (3) the City's Charter. Both the CSRR and the City's Charter provide that all employees are subject to an initial probationary period.  That Plaintiff was placed in a probationary period upon his reemployment with the City -- and that Plaintiff was still within the probationary period when his employment was terminated -- is undisputed.  In determining the nature of an employee's status, however, we must look behind the "probationary" label "to the controlling principles of state law and the substance of the [employee's] status."  Id.

Rule VIII § 4 of the CSRR provides that a probationary employee has no civil service status or rights and may be discharged any time with or without cause. Moreover, Rule X § 1 of the CSRR provides that, while a permanent employee may not be removed until he is first served with written notice of the reasons for removal, a probationary employee "may be discharged, suspended or demoted . . . at any time without appeal to the Board."  Similarly, Article 25 § 3(d) of the CBA provides that police officers may appeal a disciplinary suspension, except for

6

officers "serving the initial probationary period . . . [who] may be terminated . . . with or without cause, by the City."  Meanwhile, Article IV § 4.07(b)(4)(a)(2) of the City Charter provides that an employee may be "removed for cause at any time during the working test (probationary) period by the mayor subject to civil service regulations, by providing written notice of the action taken to the employee, together with reasons for the . . . removal."

Considering these documents in their entirety, we are persuaded that the City was not limited in its power to discharge a probationary employee and, thus, that probationary employees had no property interest in continued employment.  See Ross, 173 F.3d at 1307.  That the City's Charter appears to allow removal only "for cause" does not alter our conclusion.  Because the City's Charter grants the mayor sole discretion to determine whether "cause" for removal exists -- and because a probationary employee has no right to appeal that determination -- the rules "create[] something tantamount to an ability to [remove] at will, rather than a just cause standard."  See id. at 1308-09 (a probationary officer had no property interest in his employment when the determination about whether grounds for demotion existed was left exclusively for the warden "whose authority was unchecked because there was no appeal right for probationary employees").  Because Plaintiff has demonstrated no protected property interest in his continued

employment, he can state no claim for a violation of his procedural due process rights based on the termination of his employment.

Plaintiff has also failed to state a claim for violation of his procedural due process rights based on the denial of his application to take the sergeant's exam. Rule V § 8(b)(1) of the CSRR provides that a police officer is eligible to take the promotional sergeant's exam only "[a]fter 4 years of continuous satisfactory employment" as a police officer with the City's police department. Plaintiff asserts that he could use any four-year period of employment to satisfy this eligibility requirement. We disagree. The plain language of the rule contemplates unambiguously "continuous" employment leading up to the time of the promotional exam, with no break in employment. Because Plaintiff failed to satisfy the eligibility criteria for taking the promotional sergeant's exam, Plaintiff cannot show he was deprived of a protected property interest.

## III.

Plaintiff next challenges the district court's dismissal of his federal claims without first allowing him an opportunity to amend his complaint. We review the denial of a motion to amend a complaint under an abuse of discretion standard.

8

Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003).

Because Plaintiff failed to attach a proposed amended complaint to his motion to amend and failed to state what new information or claims he sought to include in his amended complaint, the district court abused no discretion in denying his motion. See U.S. ex. rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (a plaintiff seeking leave to amend "must either attach a copy of the proposed amendment to the motion or set forth the substance thereof").

AFFIRMED.